**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ERIC TENG, | CIVIL ACTION NO. 09-3586 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. | |
| PRIVILEGE AERO, LLC, et al., | |
| Defendants. | |

**THE PLAINTIFF**, Eric Teng ("Teng"), brought this action against the defendants — Privilege Aero, LLC ("PALLC"), James Young, and Judy Kao Young — on July 21, 2009, to recover damages for breach of contract, and asserts jurisdiction under 28 U.S.C. § ("Section") 1332.  (Dkt. entry no. 1, Compl.)  The Court will sua sponte dismiss the Complaint without prejudice.  See Fed.R.Civ.P. 12(h)(3) (instructing court to dismiss complaint if jurisdiction is lacking).

**TENG** properly alleges that PALLC is a limited liability company.  (Compl. at 2.)  However, limited liability companies are (1) unincorporated associations, and (2) deemed to be citizens of each state in which their members are citizens, not the states in which they were formed or have their principal places of business.  Carden v. Arkoma Assocs., 494 U.S. 185, 195-97 (1990); Swiger v. Allegheny Energy, Inc., 540 F.3d 179, 182 (3d Cir. 2008).  The citizenship of each membership layer must be traced and analyzed to determine a limited liability company's

Case 3:09-cv-03586-MLC-DEA   Document 2   Filed 07/23/09   Page 2 of 4 PageID: 8

citizenship.  Hart v. Terminex Int'l, 336 F.3d 541, 543 (7th Cir. 2003).  Teng has not properly asserted PALLC's citizenship.[1]

**TENG** also alleges that "upon information and belief", James Young and Judy Kao Young "ha[ve] a residence address in . . . New Jersey".  (Compl. at 2.)  This allegation is insufficient, as will be discussed infra.

**TENG** thus has failed to show that he is deemed to be a citizen of a different state in relation to each defendant.  See 28 U.S.C. § 1332(a)(1); Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005) (requiring "complete diversity between all plaintiffs and all defendants").  The Court will dismiss the Complaint, but will do so without prejudice to Teng to either — within thirty days — (1) recommence the action in state court, as the limitations period for the cause of action is tolled by the filing of a federal complaint, see Jaworowski v. Ciasulli, 490 F.3d 331, 333-36 (3d Cir. 2007); Galligan v. Westfield Ctr. Serv., Inc., 82 N.J. 188, 191-95 (1980), or (2) move in accordance with the Federal Rules of Civil Procedure and the Local Civil Rules to reopen the action in federal court, with documentation properly demonstrating the citizenship of the parties.  If Teng opts to move to reopen, then he does so at his

---

[1] Teng's allegations that "James Young is a principal of [PALLC]" and that "Judy Kao Young . . . is, upon information and belief, a principal of [PALLC]" are insufficient.  (Compl. at 1-2.)

2

own peril, as the Court will not further extend the thirty-day period to proceed in state court.

**TENG** is advised — if he opts to move to reopen — that jurisdiction is measured "against the state of facts that existed at the time of filing". <u>Grupo Dataflux v. Atlas Global Group, L.P.</u>, 541 U.S. 567, 571 (2004).  Thus, Teng must properly demonstrate (1) PALLC's citizenship as it existed specifically on July 21, 2009, <u>i.e.</u>, list and analyze each member within PALLC, including non-managing and non-individual members, and provide supporting documentation and affidavits from those with knowledge of PALLC's structure, (2) the citizenship of James Young and Judy Kao Young on July 21, 2009, <u>e.g.</u>, list a home — not a business — address with supporting documentation, (3) Teng's own citizenship on July 21, 2009, <u>e.g.</u>, list his home address with supporting documentation, and (4) that there is jurisdiction under Section 1332.  Teng is further advised that he must specifically assert citizenship as it existed on July 21, 2009.

**TENG**, if moving to reopen, must not restate the allegations from the Complaint.  Also, a response as to where any member or party resides, is licensed, or has a place of business — as opposed to is a citizen or is domiciled — will not properly invoke the Court's jurisdiction.  <u>See</u> <u>Cruz v. Pennsylvania</u>, 277 Fed.Appx. 160, 162 (3d Cir. 2008); <u>Guerrino v. Ohio Cas. Ins. Co.</u>, 423 F.2d 419, 421 (3d Cir. 1970).  A response based upon

3

information and belief or an assertion that is not specific (e.g., citizen of "a state other than New York") will be unacceptable.  See S. Freedman & Co. v. Raab, 180 Fed.Appx. 316, 320 (3d Cir. 2006) (stating citizenship is to be alleged "affirmatively and distinctly"); Vail v. Doe, 39 F.Supp.2d 477, 477 (D.N.J. 1999) (stating citizenship allegation that is based upon information and belief "does not convince the Court that there is diversity among the parties").  As Teng is represented by counsel, the Court "should not need to underscore the importance of adequately pleading and proving diversity".  CGB Occ. Therapy, Inc. v. RHA Health Servs. Inc., 357 F.3d 375, 382 n.6 (3d Cir. 2004).

**THE COURT** will issue an appropriate order and judgment.


                                    s/ Mary L. Cooper
                                    **MARY L. COOPER**
                                    United States District Judge

Dated:  July 23, 2009

4